**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THOMAS GROSS, on his
own behalf and on behalf of all
similarly situated individuals,

      Plaintiff,

v.                                                                    CASE NO.:

CONCORDE, INC.,
a Foreign For-Profit Corporation,

      Defendant.

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, THOMAS GROSS, by and through his attorneys, and on behalf of himself and the putative class set forth below, and in the public interest, brings the following Class Action Complaint.  In this Class Action Complaint, Plaintiff sues Defendant, Concorde, Inc. ("Concorde" or "Defendant"), including its related entities, subsidiaries, predecessors and successors, under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq.

## PRELIMINARY STATEMENT

      1.     Defendant, Concorde is a consumer reporting agency, providing employers with consumer reports, commonly referred to as "background checks," for employment purposes. Employers rely on these reports to make employment related decisions on applicants and employees.

      2.     The FCRA, 15 U.S.C. § 1681b, makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the consumer reporting agency and user of the consumer report have complied with the statute's strict certification, disclosure, authorization and notice requirements. *15 U.S.C. § 1681b(a)*.

      3.     Concorde willfully violated these requirements, in systematic violation of Plaintiff's rights and the rights of other putative class members.

4.      Concorde violated 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii) by providing consumer reports used for employment purposes without certification from Advance Disposal Services, Inc. ("ADS") that they would abide by the FCRA's disclosure, authorization and notice requirements set forth in 15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3).

5.      Based on the foregoing violations, Plaintiff asserts FCRA claims against Concorde on behalf of himself and class consisting of consumers whose consumer reports were furnished by Concorde without certification from the ADS that ADS would comply with the FCRA's disclosure, authorization and notice requirements.

6.      In Count I Plaintiff asserts a FCRA claim against Concorde under 15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii) on behalf of a "Certification Class" consisting of:

> **All Advanced Disposal Services, Inc., employees and job applicants in the United States who were the subject of a consumer report furnished by Concorde, Inc. without certification of compliance with 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3) from Advanced Disposal Services, Inc., within two years of the filing of this complaint through the date of final judgment in this action.**

11.     On behalf of himself and the putative class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

13.     Individual and class representative, Plaintiff, Thomas Gross ("Plaintiff") lives in Florida, applied for employment with Advanced Disposal Service, Inc. ("ADS"), but was denied employment based upon the contents of his consumer report.  Plaintiff is a member of the putative class defined below.

14.     Defendant, Concorde is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and provides consumer reports for employment purposes.

## JURISDICTION AND VENUE

15.     This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to

28 U.S.C. § 1331.

16.    Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, because the underlying events occurred in or near Tampa, Florida.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

17.    Congress has recognized consumer reporting agencies like Concorde have assumed a vital role in assembling information on consumers, and therefore implemented the FCRA to ensure credit reporting agencies "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *15 U.S.C. § 1681.*

18.    In accordance with Congress' findings, a consumer reporting agency may only furnish a consumer report for employment purposes if the user has certified its compliance with 15 U.S.C. § 1681b(b)(2)(A) before the report is furnished  and certifies future compliance with 15 U.S.C. § 1681b(b)(3), if applicable.  *15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii).*

19.    The certification requirement reads, in pertinent part:

> (1)  **Certification from user** A consumer reporting agency may furnish a consumer report for employment purposes **only** if –
>
> **(A)** the person who obtains such report from the agency certifies to the agency that –
>
> (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable.
>
> *15 U.S.C. § 1681b(b)(1)(A)(i).*

20.    A consumer reporting agency that furnishes consumer reports used for employment purposes without receiving the requisite certification of FCRA compliance from the user is furnishing the consumer report unlawfully. *15 U.S.C. §§ 1681b(b)(1)(A)(i)-(ii).*

21.    Concorde furnished consumer reports to ADS, with knowledge ADS used such consumer reports for employment purposes.  However, Concorde furnished the consumer reports to

ADS without requiring ADS, the user of the consumer report, to certify compliance with 15 U.S.C. § 1681b(b)(2)(A) before furnishing the report or certifying future compliance with 15 U.S.C. § 1681b(b)(3), if applicable.

22.     The paragraphs referenced in § 1681b(b)(1)(A)(i) are the stand alone disclosure, written authorization and pre-adverse action notification requirements set forth in § 1681b(b)(2) and § 1681b(b)(3).

23.     The purpose of the certification requirement is to ensure users of consumer reports for employment purposes follow the statutory framework created by Congress to safeguard consumers' rights to privacy and information.

24.     It is flatly illegal for a consumer reporting agency to furnish a consumer report for employment purposes unless the consumer reporting agency has received the FCRA-mandated certification of FCRA compliance from the user.   In fact, compliance with the certification requirement provides the *only* lawful means for a consumer reporting agency to furnish a consumer report for employment purposes.  *15 U.S.C. § 1681b(a).*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

25.     Plaintiff applied for employment with Defendant on or around October, 2016.

26.     As part of the hiring process, ADS procured a consumer report for employment purposes from Concorde on or around November, 2016.

27.     Plaintiff was presented, in electronic form, a purported FCRA disclosure titled "Fair Credit Reporting Act Disclosure Statement and Authorization," which did not satisfy the requirements of  § 1681b(b)(2).  Specifically, the purported FCRA disclosure was not a "stand alone" disclosure document.   Therefore, ADS could not have possibly certified compliance with § 1681b(b)(2).

28.     ADS procured and obtained Plaintiff's consumer report from Defendant.

29.     Concorde furnished Plaintiff's consumer report to ADS, even though ADS never certified to Concorde that it would comply with  15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3), if applicable.

30.     Plaintiff was denied employment based upon the consumer report Concorde unlawfully furnished to ADS. Thus, § 1681b(b)(3) was applicable.

31.     ADS did not provide Plaintiff with pre-adverse action notification pursuant, a copy of his consumer report or summary of rights as required pursuant to § 1681b(b)(3) most likely because ADS never certified to Concorde it would comply with the statutory  requirements, when  applicable.

32.     Concorde unjustly enriched itself by unlawfully compiling Plaintiff's personal, private and sensitive information and selling it to a third party without a permissible purpose. The injury of "unjust enrichment" has its roots in English common law.  Causes of action for unjust enrichment were part of "the traditional concern of the Courts at Westminster." *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 US 765, 774 (2000)(quoting *Coleman v. Miller*, 307 U.S. 433, 460 (1939).

33.     Concorde violated Plaintiff's right to privacy by compiling his personal, private and sensitive information into a consumer report and furnishing it to a third party, ADS, without a permissible purpose.

34.     Concorde violated Plaintiff's right to privacy by compiling his personal, private and sensitive information into a consumer report without a permissible purpose and selling it for a profit to a third party, ADS.

35.     ADS denied Plaintiff employment based in whole or in part on the contents of his consumer report.  However, ADS never provided Plaintiff with pre-adverse action notice, a copy of his consumer report or summary of his rights. Consequently, Plaintiff suffered informational injury since he did not receive information he was entitled to receive pursuant to federal law.

36.    If Plaintiff had known Concorde was furnishing his consumer report to ADS without a legal right to do so, Plaintiff would not have permitted Concorde to furnish his consumer report to ADS.

37.    If Plaintiff had known Concorde was furnishing his consumer report to ADS but not requiring ADS to certify FCRA compliance, Plaintiff would not have permitted Concorde to furnish his consumer report to ADS.

38.    If Plaintiff knew Concorde was furnishing his consumer report to ADS without certification ADS would comply with § 1681b(b)(3), and that he would not receive the information to which he was legally entitled pursuant to federal law, Plaintiff would not have permitted Concorde to furnish his consumer report to ADS.

39.    If Plaintiff knew Concorde was profiting unlawfully from his consumer report, Plaintiff would not have authorized Concorde to compile his personal, private and sensitive information for sale to ADS.

## CLASS ACTION ALLEGATIONS

40.    Plaintiff asserts a claim against Concorde under Count I on behalf of a "Certification Class" defined as:

> **All Advanced Disposal Services, Inc., employees and job applicants in the United States who were the subject of a consumer report furnished by Concorde, Inc. without certification of compliance with 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3) from Advanced Disposal Services, Inc. within two years of the filing of this complaint through the date of final judgment in this action.**

41.    Numerosity: The members of the putative class are so numerous that joinder of all class members is impracticable.  Concorde furnished thousands of consumer reports to ADS.  ADS regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, in the hiring process.  Plaintiff is informed and believes that during the relevant time

period, thousands of ADS's employees and prospective employees satisfy the definitions of the putative class. Based on the number of putative class members, joinder is impracticable. The names and addresses of the class members are identifiable through ADS's records and published class members may be notified of this action by mailed notice.

42.   <u>Typicality</u>: Plaintiff's claims are typical of those of the members of the putative class. Concorde typically furnishes consumer reports to be used for employment purposes. ADS typically uses consumer reports for employment purposes. The FCRA violations suffered by Plaintiff are typical of those suffered by other putative class members.

43.   <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the putative class, and has retained counsel experienced in complex class action litigation.

44.   <u>Commonality</u>: Common questions of law and fact exist as to all members of the putative class, and predominate over any questions solely affecting individual members of the putative class. These common questions include, but are not limited to:

a.   whether Defendant furnished consumer reports to ADS for employment purposes without ADS's certification of compliance with 15 U.S.C. § 1681b(b)(2) before furnishing such reports;

b.   whether Defendant furnished consumer reports to ADS for employment purposes without ADS's certification of compliance with 15 U.S.C. § 1681b(b)(3), if applicable;

c.   whether Defendant's violation of the FCRA was willful;

d.   the proper measure of statutory damages; and

e.   the proper form of relief.

45.   This case is maintainable as a class action because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications

and create the risk of incompatible standards of conduct for Concorde. Further, adjudication of each individual class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

46.    This case is also maintainable as a class action because Concorde acted or refused to act on grounds that apply generally to the putative class.

47.    Class certification is also appropriate because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the putative class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all putative class members' claims in a single action, brought in a single forum.

### COUNT I
**(Against Defendant Concorde, Inc.)**
**Failure to Obtain Certification Prior to Furnishing a**
**Consumer Report for Employment Purposes in violation of 15 U.S.C. § 1681b(b)(1)(A)**

48.    Plaintiffs restate the allegations set forth in Paragraphs 1 through 47 as if fully set forth herein.

49.    Concorde willfully violated 15 U.S.C. § 1681b(b)(1)(A) because it provided ADS a consumer report about Plaintiff without requiring ADS to certify compliance with the disclosure, authorization and notification requirements set forth in 15 U.S.C. § 1681b(b)(2) and § 1681b(b)(3).

50.     Concorde invaded Plaintiff's privacy by compiling Plaintiff's personal, private and sensitive information into a consumer report for employment purposes, and furnishing said consumer report without permissible purpose.

51.     Concorde caused Plaintiff injury because the consumer report Concorde unlawfully provided to ADS was used, in whole or in part, as the basis for an adverse employment action.

52.     Concorde caused Plaintiff injury because it enabled ADS to circumvent the disclosure, authorization and notification requirements of the FCRA when using consumer reports for employment purposes by failing to require ADS to certify compliance therewith.

53.     The forgoing violations were willful.  At the time Concorde violated 15 U.S.C. § 1681b(b)(1)(A), Concorde knew it was required to obtain certification of compliance with 15 U.S.C. § 1681b(b)(2) from ADS before furnishing ADS with consumer reports for employment purposes and certification with the notification requirements of  15 U.S.C. § 1681b(b)(3), if applicable. Concorde's willful conduct is also reflected by, among other things, the following facts:

     a.  Concorde knew of potential FCRA liability;

     b.  Concorde is a consumer reporting agency with access to legal advice through their own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

     c.  The FCRA's certification requirements are clearly spelled out in the statute;

     d.  Concorde knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

     e.  Concorde voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

54.    The Plaintiff and the "Certification Class" are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

55.    The Plaintiff and the "Certification Class" are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

WHEREFORE, Plaintiff, on behalf of himself and the putative "Certification Class" prays for relief as follows:

a.   determining that this action may proceed as a class action;

b.   designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the putative class;

c.   ADS issuing proper notice to the putative class at Concorde's expense;

d.   finding that Concorde committed multiple, separate violations of the FCRA;

e.   finding that Concorde acted willfully in deliberate or reckless disregard of Plaintiffs' rights and its obligations under the FCRA;

f.   awarding statutory damages as provided by the FCRA, including punitive damages, to members of the putative class; and

g.   awarding reasonable attorneys' fees and costs as provided by the FCRA.

## DEMAND FOR JURY TRIAL

Plaintiff and the putative classes demand a trial by jury.

Dated this 19th day of July, 2018.

**MORGAN & MORGAN, P.A.**

**/s/ Marc R. Edelman_____**
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
201 N. Franklin Street, #700

Tampa, FL 33602
Telephone 813-223-5505
Fax:  813-257-0572
MEdelman@forthepeople.com

C. Ryan Morgan, Esq.
Fla. Bar No.0015527
P.O. Box 4979
Orlando, FL 33802
Telephone 407.420.1414
Fax:  407.245.3401
RMorgan@forthepeople.com

Andrew Frisch, Esq.
Fla. Bar No. 27777
600 North Pine Island Road, Suite 400
Plantation, Florida 33324
Telephone:  (954) WORKERS
Facsimile:  (954) 327-3013
AFrisch@forthepeople.com
*Attorneys for Plaintiff*